## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA



FILED

AUG 3 2026

U.S. DISTRICT COURT- WVND
WHEELING, WV. 26003

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | |
| BRENDAN BRAGG,<br>TORIANNO ALEXANDER,<br>TREASURE WOOTEN,<br>EZAVIN BLUE,<br>VINCENT HILL,<br>AUSTIN HUDSON,<br>FRANK MCKINNEY,<br>STEWART JENKINS,<br>ZAIRE ADAMS,<br>ADAM MCCULLOUGH,<br>KHORIE MORRIS,<br>LANCE HARRIS,<br>KAYLA ASHLEY,<br>CATHY JO RIFFLE,<br>ASHLEY FLOWERS,<br>REBECCA FLETCHER,<br>BRIAN WILLARD,<br>ISABELLA REXROAD,<br>KEANNA PHILLIPS,<br>ALEXIS KING,<br>JEFFREY TURNER,<br>DARLENE DODSON,<br>VALERIE SMITH,<br>CODY LOCKHART,<br>LORI MURPHY,<br>LATISHA KELLY,<br>BRIANNA TURNER, and<br>BRIAN TURNER,<br><br>Defendants. | Criminal No. _1:26-cr-37_<br><br>Violations: 18 U.S.C. § 2<br>18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 924(a)(8)<br>18 U.S.C. § 924(c)(1)(A)<br>18 U.S.C. § 1956(a)(1)(B)(i)<br>18 U.S.C. § 1956(h)<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. §841(b)(1)(A)(viii)<br>21 U.S.C. §841(b)(1)(B)(iii)<br>21 U.S.C. §841(b)(1)(B)(vi)<br>21 U.S.C. §841(b)(1)(B)(viii)<br>21 U.S.C. § 841(b)(1)(C)<br>21 U.S.C. § 843(b)<br>21 U.S.C. § 843(d)<br>21 U.S.C. § 846<br>21 U.S.C. § 856(a)(2) |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

(Conspiracy to Distribute Controlled Substances)

1

From in or about the January of 2024, to on or about the return of this Indictment, in Monongalia County, in the Northern District of West Virginia, and elsewhere, defendants, **BRENDAN BRAGG, TORIANNO ALEXANDER, TREASURE WOOTEN, EZAVIN BLUE, VINCENT HILL, AUSTIN HUDSON, FRANK MCKINNEY, STEWART JENKINS, ZAIRE ADAMS, ADAM MCCULLOUGH, KHORIE MORRIS, LANCE HARRIS, KAYLA ASHLEY, CATHY JO RIFFLE, ASHLEY FLOWERS, REBECCA FLETCHER, BRIAN WILLARD, ISABELLA REXROAD, KEANNA PHILLIPS, ALEXIS KING, JEFFREY TURNER, DARLENE DODSON, VALERIE SMITH, CODY LOCKHART, LORI MURPHY, LATISHA KELLY, BRIANNA TURNER, and BRIAN TURNER**, and others did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding to violate Title 21, United States Code, Section 841(a)(1) and 846.

2.     As to defendants **BRENDAN BRAGG, TORIANNO ALEXANDER, TREASURE WOOTEN, VINCENT HILL,** and **KAYLA ASHLEY**, it was a purpose and object of the conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

3.     As to defendants **BRENDAN BRAGG, TORIANNO ALEXANDER, TREASURE WOOTEN, AUSTIN HUDSON, FRANK MCKINNEY, ADAM MCCULLOUGH, KHORIE MORRIS, CATHY JO RIFFLE,** and **DARLENE DODSON**, it was a purpose and object of the conspiracy to possess with intrnt to distribute 5 grams or more of methamphetamine a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

4.     As to defendants EZAVIN BLUE, STEWART JENKINS, and DARLENE DODSON, it was a purpose and object of the conspiracy to possess with intent to distribute and distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," and 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, both Schedule

Schedule II controlled substances; in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

5.     As to defendants **BRENDAN BRAGG, TORIANNO ALEXANDER, TREASURE WOOTEN, EZAVIN BLUE, VINCENT HILL, AUSTIN HUDSON, FRANK MCKINNEY, STEWART JENKINS, ZAIRE ADAMS, ADAM MCCULLOUGH, KHORIE MORRIS, LANCE HARRIS, KAYLA ASHLEY, CATHY JO RIFFLE, ASHLEY FLOWERS, REBECCA FLETCHER, BRIAN WILLARD, ISABELLA REXROAD, KEANNA PHILLIPS, ALEXIS KING, JEFFREY TURNER, DARLENE DODSON, VALERIE SMITH, CODY LOCKHART, LORI MURPHY, LATISHA KELLY, BRIANNA TURNER, and BRIAN TURNER,** it was a purpose and object of the conspiracy to possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of methamphetamine, a mixture and substance containing a detectable amount of fentanyl, a mixture and substance containing a detectable amount of cocaine base, also known as "crack," and a mixture and substance containing a detectable amount of cocaine, all Schedule II controlled substances; in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

3

## COUNT TWO

(Conspiracy to Commit Money Laundering- Concealment)

From in or about January of 2024, and continuing until the return of this Indictment, in Monongalia County, in the Northern District of West Virginia, and elsewhere, defendants **BRENDAN BRAGG, KEANNA PHILLIPS, ISABELLA REXROAD, TREASURE WOOTEN, VINCENT HILL, AUSTIN HUDSON, JEFFREY TURNER, and ZAIRE ADAMS**, did knowingly combine, conspire, and agree with each other and with other persons to commit offenses against the United States in violation of Title 18, United States Code, Section 1956.

### Objects of the Conspiracy

An object of the conspiracy was to violate Title 18, United States Code, Section 1956(a)(1)(B)(i) by knowingly conducting financial transactions affecting interstate commerce involving the proceeds of the specified unlawful activities constituting the offense charged in Count One of this Indictment, knowing that the transactions would be designed to conceal and disguise the true nature, location, source, ownership, and control of proceeds of said specified unlawful activities; in violation of Title 18, United States Code, Section 1956(h).

4

## COUNT THREE

(Distribution of 50 Grams or More of Methamphetamine)

On or about April 11, 2024, in Monongalia County, in the Northern District of West Virginia, defendant **KAYLA ASHLEY**, did unlawfully, knowingly, intentionally, and without authority distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT FOUR

(Aiding and Abetting Distribution of 50 Grams or More of Methamphetamine)

On or about April 17, 2024, in Monongalia County, in the Northern District of West Virginia, defendant **KAYLA ASHLEY**, aided and abetted by defendant **VINCENT HILL,** did unlawfully, knowingly, intentionally, and without authority distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT FIVE

(Distribution of 50 Grams or More of Methamphetamine)

On or about May 13, 2024, in Monongalia County, in the Northern District of West Virginia, defendant **KAYLA ASHLEY**, did unlawfully, knowingly, intentionally, and without authority distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT SIX

(Maintaining Drug-Involved Premises)

From in or about the spring of 2024, and continuing until June 17, 2024, in Monongalia County, in the Northern District of West Virginia, the defendant, **KAYLA ASHLEY**, did manage and control a place located at Kingwood Street, Morgantown, West Virginia, whether permanently or temporarily, as lessee and occupant, and did knowingly and intentionally make available for use said place for the purpose of unlawfully storing, distributing and using controlled substances, that is fentanyl, cocaine, and methamphetamine, all Schedule II controlled substances, in violation of Title 21, United States Code, Section 856(a)(2).

## COUNT SEVEN

(Distribution of Fentanyl)

On or about July 15, 2024, in Monongalia County, in the Northern District of West Virginia, defendant **EZAVIN BLUE**, did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHT

(Maintaining Drug-Involved Premises)

In or about July of 2024, in Monongalia County, in the Northern District of West Virginia, the defendant, **EZAVIN BLUE**, did manage and control a place located at Airport Boulevard, Morgantown, West Virginia, whether permanently or temporarily, as lessee and occupant, and did knowingly and intentionally make available for use said place for the purpose of unlawfully storing, distributing and using controlled substances, that is fentanyl and cocaine base, also known as "crack," both Schedule II controlled substances, in violation of Title 21, United States Code, Section 856(a)(2).

## COUNT NINE

(Possession with Intent to Distribute 28 Grams or More of Cocaine Base)

On or about July 15, 2024, in Monongalia County, in the Northern District of West Virginia, defendant **EZAVIN BLUE**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT TEN

(Possession with Intent to Distribute 40 Grams or More of Fentanyl)

On or about July 15, 2024, in Monongalia County, in the Northern District of West Virginia, defendant **EZAVIN BLUE**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## <u>COUNT ELEVEN</u>

(Maintaining Drug-Involved Premises)

In or about January of 2025, and continuing until February of 2025, in Monongalia County, in the Northern District of West Virginia, the defendant, **LORI MURPHY**, did manage and control a place located at Chestnut Ridge Road, Morgantown, West Virginia, whether permanently or temporarily, as lessee and occupant, and did knowingly and intentionally make available for use said place for the purpose of unlawfully storing, distributing and using controlled substances, that is fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 856(a)(2).

13

## COUNT TWELVE

(Distribution of Fentanyl)

On or about January 13, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **AUSTIN HUDSON**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## <u>COUNT THIRTEEN</u>

(Distribution of Fentanyl)

On or about January 14, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **AUSTIN HUDSON**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOURTEEN

(Aiding and Abetting the Distribution of Fentanyl)

On or about February 18, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **AUSTIN HUDSON** and **DARLENE DODSON**, aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIFTEEN

(Aiding and Abetting Distribution of Fentanyl)

On or about February 28, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **AUSTIN HUDSON** and **DARLENE DODSON,** aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIXTEEN

(Aiding and Abetting Distribution of 5 Grams or More of Methamphetamine)

On or about February 28, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **AUSTIN HUDSON** and **DARLENE DODSON,** aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority distribute 5 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), and Title 18, United States Code, Section 2.

## COUNT SEVENTEEN

(Aiding and Abetting Distribution of Fentanyl)

On or about April 28, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **FRANK MCKINNEY and DARLENE DODSON,** aided and abetted by each other**,** did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and  841(b)(1)(C), and Title 18, United States Code, Section 2.

## **<u>COUNT EIGHTEEN</u>**

(Distribution of Fentanyl)

On or about April 30, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **DARLENE DODSON**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## <u>COUNT NINETEEN</u>

(Aiding and Abetting Distribution of 5 Grams or More of Methamphetamine)

On or about April 30, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **FRANK MCKINNEY** and **DARLENE DODSON**, aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority distribute 5 grams or more of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), and Title 18, United States Code, Section 2.

## <u>COUNT TWENTY</u>

(Aiding and Abetting Distribution of 5 Grams or More of Methamphetamine)

On or about May 23, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **FRANK MCKINNEY** and **DARLENE DODSON**, aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority distribute 5 grams or more of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(viii), and Title 18, United States Code, Section 2.

## COUNT TWENTY-ONE

(Aiding and Abetting Distribution of Cocaine Base)

On or about May 23, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **FRANK MCKINNEY** and **DARLENE DODSON**, aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## <u>COUNT TWENTY-TWO</u>

(Distribution of Fentanyl)

On or about June 6, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **BRIAN WILLARD**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-THREE

(Distribution of Methamphetamine)

On or about June 6, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **BRIAN WILLARD**, did unlawfully, knowingly, intentionally, and without authority distribute methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-FOUR

(Distribution of Fentanyl)

On or about June 26, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **REBECCA FLETCHER**, did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## **COUNT TWENTY-FIVE**

(Aiding and Abetting the Distribution of Methamphetamine)

On or about June 26, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **LANCE HARRIS** and **REBECCA FLETCHER**, aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority distribute methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWENTY-SIX

(Unlawful Use of Communication Facility)

On or about July 9, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **BRENDAN BRAGG** and **ALEXIS KING,** did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846, and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT TWENTY-SEVEN

(Unlawful Use of Communication Facility)

On or about July 9, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **BRENDAN BRAGG** and **TREASURE WOOTEN,** did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846, and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT TWENTY-EIGHT

(Aiding and Abetting Distribution of Fentanyl)

On or about July 10, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **DARLENE DODSON** and **TREASURE WOOTEN,** aided and abetted by defendant **BRENDAN BRAGG,** did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWENTY-NINE

(Aiding and Abetting Distribution of 5 Grams or More of Methamphetamine)

On or about July 10, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **DARLENE DODSON** and **TREASURE WOOTEN,** aided and abetted by defendant **BRENDAN BRAGG,** did unlawfully, knowingly, intentionally and without authority distribute 5 grams or more of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), and Title 18, United States Code, Section 2.

31

## COUNT THIRTY

(Unlawful Use of Communication Facility)

On or about July 11 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **BRENDAN BRAGG** and **ALEXIS KING,** did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846, and 841(b)(1)(C), as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

32

## COUNT THIRTY-ONE

(Possession with Intent to Distribute Methamphetamine)

On or about July 11, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **ALEXIS KING,** did unlawfully, knowingly, intentionally and without authority possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTY-TWO

(Unlawful Use of Communication Facility)

On or about July 12, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **BRENDAN BRAGG** and **BRIANNA TURNER,** did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## <u>COUNT THIRTY-THREE</u>

(Unlawful Use of Communication Facility)

On or about July 12, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **BRENDAN BRAGG** and **TREASURE WOOTEN,** did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

35

## COUNT THIRTY-FOUR

(Aiding and Abetting Distribution of Methamphetamine)

On or about July 12, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **TREASURE WOOTEN,** aided and abetted by defendant **BRENDAN BRAGG,** did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## <u>COUNT THIRTY-FIVE</u>

(Aiding and Abetting Possession with Intent to Distribute Methamphetamine)

On or about July 12, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **BRIANNA TURNER** and **BRIAN TURNER**,  aided and abetted by each other**,** did unlawfully, knowingly, intentionally and without authority possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THIRTY-SIX

(Aiding and Abetting Distribution of Fentanyl)

On or about July 14, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **TREASURE WOOTEN and CATHY JO RIFFLE,** aided and abetted by defendant **BRENDAN BRAGG,** did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THIRTY-SEVEN

(Unlawful Use of Communication Facility)

On or about July 14, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **BRENDAN BRAGG** and **LATISHA KELLY**, did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

39

## <u>COUNT THIRTY-EIGHT</u>

(Aiding and Abetting Distribution of Methamphetamine)

On or about July 14, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **TREASURE WOOTEN,** aided and abetted by defendant **BRENDAN BRAGG**, did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

40

## COUNT THIRTY-NINE

(Possession with Intent to Distribute Methamphetamine)

On or about July 14, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **LATISHA KELLY**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FORTY

(Distribution of Cocaine Base)

On or about July 15, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **ZAIRE ADAMS**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance; in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FORTY-ONE

(Distribution of Fentanyl)

On or about July 15, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **ZAIRE ADAMS**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FORTY-TWO

(Distribution of Cocaine Base)

On or about July 17, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **ASHLEY FLOWERS**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FORTY-THREE

(Distribution of Fentanyl)

On or about July 17, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **ASHLEY FLOWERS**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FORTY-FOUR

(Unlawful Use of Communication Facility)

On or about July 17, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **BRENDAN BRAGG** and **CODY LOCKHART**, did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FORTY-FIVE

(Aiding and Abetting Distribution of Fentanyl)

On or about July 17, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **TREASURE WOOTEN,** aided and abetted by defendant **BRENDAN BRAGG,** did unlawfully, knowingly, intentionally and without authority distribute fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FORTY-SIX

(Possession with Intent to Distribute Fentanyl)

On or about July 17, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **CODY LOCKHART**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FORTY-SEVEN

(Aiding and Abetting Distribution of Cocaine Base)

On or about July 19, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **CATHY JO RIFFLE,** aided and abetted by defendant **ZAIRE ADAMS**, did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack,", a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FORTY-EIGHT

(Unlawful Use of Communication Facility)

On or about July 20, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **BRENDAN BRAGG** and **ALEXIS KING**, did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FORTY-NINE

(Possession with Intent to Distribute Methamphetamine)

On or about July 20, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **ALEXIS KING**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## <u>COUNT FIFTY</u>

(Aiding and Abetting Distribution of Fentanyl)

On or about July 22, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **CATHY JO RIFFLE,** aided and abetted by defendant **ZAIRE ADAMS,** did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIFTY-ONE

(Distribution of Methamphetamine)

On or about July 22, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **CATHY JO RIFFLE**, did unlawfully, knowingly, intentionally, and without authority distribute methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIFTY-TWO

(Unlawful Use of Communication Facility)

On or about July 22, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **BRENDAN BRAGG** and **ALEXIS KING**, did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FIFTY-THREE

(Possession with Intent to Distribute Methamphetamine)

On or about July 22, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **ALEXIS KING**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIFTY-FOUR

(Unlawful Use of Communication Facility)

On or about July 23, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **BRENDAN BRAGG** and **JEFFREY TURNER**, did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FIFTY-FIVE

(Unlawful Use of Communication Facility)

On or about July 24, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **BRENDAN BRAGG** and **TREASURE WOOTEN**, did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FIFTY-SIX

(Aiding and Abetting Distribution of Methamphetamine)

On or about July 24, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **TREASURE WOOTEN**, aided and abetted by defendant **BRENDAN BRAGG**, did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIFTY-SEVEN

(Aiding and Abetting Possession with Intent to Distribute Methamphetamine)

On or about July 24, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **KHORIE MORRIS,** aided and abetted by defendant **VALERIE SMITH,** did unlawfully, knowingly, intentionally and without authority possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIFTY-EIGHT

(Unlawful Use of Communication Facility)

On or about July 24, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **BRENDAN BRAGG** and **REBECCA FLETCHER**, did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C), as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT FIFTY-NINE

(Aiding and Abetting Distribution of Fentanyl)

On or about July 24, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **TREASURE WOOTEN,** aided and abetted by defendant **BRENDAN BRAGG,** did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIXTY

(Distribution of Fentanyl)

On or about August 1, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **STEWART JENKINS,** did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## <u>COUNT SIXTY-ONE</u>

(Distribution of Cocaine Base)

On or about August 1, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **STEWART JENKINS,** did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

## COUNT SIXTY-TWO

(Aiding and Abetting Distribution of Fentanyl)

On or about August 5, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **CATHY JO RIFFLE,** aided and abetted by defendant **KHORIE MORRIS,** did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIXTY-THREE

(Distribution of Fentanyl)

On or about August 13, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **STEWART JENKINS,** did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIXTY-FOUR

(Unlawful Use of Communication Facility)

On or about August 13, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **TREASURE WOOTEN** and **ALEXIS KING**, did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT SIXTY-FIVE

(Distribution of Methamphetamine)

On or about August 13, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **TREASURE WOOTEN**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIXTY-SIX

(Possession with Intent to Distribute Methamphetamine)

On or about August 13, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **ALEXIS KING**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIXTY-SEVEN

(Distribution of Fentanyl)

On or about August 14, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **ASHLEY FLOWERS**, did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIXTY-EIGHT

(Distribution of Cocaine Base)

On or about August 14, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **ASHLEY FLOWERS**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIXTY-NINE

(Unlawful Use of Communication Facility)

On or about August 18, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **BRENDAN BRAGG** and **DARLENE DODSON**, did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C), as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

71

## COUNT SEVENTY

(Distribution of Fentanyl)

On or about August 18, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **BRENDAN BRAGG,** did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVENTY-ONE

(Aiding and Abetting Possession with Intent to Distribute 5 Grams or More of Methamphetamine)

On or about August 20, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **KHORIE MORRIS** and **CATHY JO RIFFLE,** aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority possess with intent to distribute 5 grams or more of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## <u>COUNT SEVENTY-TWO</u>

(Aiding and Abetting Possession with Intent to Distribute Fentanyl)

On or about August 20, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **KHORIE MORRIS** and **CATHY JO RIFFLE**, aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

74

## COUNT SEVENTY-THREE

(Aiding and Abetting Possession with Intent to Distribute Cocaine Base)

On or about August 20, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **KHORIE MORRIS** and **CATHY JO RIFFLE**, aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority possess with intent to distribute cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SEVENTY-FOUR

(Maintaining Drug-Involved Premises)

In or about the summer of 2025, in Monongalia County, in the Northern District of West Virginia, defendant **ASHLEY FLOWERS,** did manage and control a place located at Dunkard Avenue, Morgantown, West Virginia, whether permanently or temporarily, as lessee and occupant, and did knowingly and intentionally make available for use said place for the purpose of unlawfully storing, distributing and using controlled substances, that is methamphetamine, fentanyl, and cocaine base, also known as "crack." all Schedule II controlled substances, in violation of Title 21, United States Code, Section 856(a)(2).

76

## COUNT SEVENTY-FIVE

(Distribution of Fentanyl)

On or about August 22, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **STEWART JENKINS**, did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVENTY-SIX

(Unlawful Use of Communication Facility)

On or about August 25, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **TREASURE WOOTEN** and **LATISHA KELLY**, did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT SEVENTY-SEVEN

(Distribution of Methamphetamine)

On or about August 25, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **TREASURE WOOTEN**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVENTY-EIGHT

(Aiding and Abetting Possession with Intent to Distribute 40 Grams or More of Fentanyl)

On or about August 29, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **STEWART JENKINS** and **DARLENE DODSON**, aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi), and Title 18, United States Code, Section 2.

## COUNT SEVENTY-NINE

(Aiding and Abetting Possession with Intent to Distribute 28 Grams or More of Cocaine Base)

On or about August 29, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **STEWART JENKINS** and **DARLENE DODSON**, aided and abetted by each other,, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of 28 grams or more of cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii), and Title 18, United States Code, Section 2.

## **COUNT EIGHTY**

(Maintaining Drug-Involved Premises)

In or about the summer of 2025, in Monongalia County, in the Northern District of West Virginia, defendants **STEWART JENKINS** and **DARLENE DODSON**, did manage and control a place located at Rolling Hills Village, Morgantown, West Virginia, whether permanently or temporarily, as lessee and occupant, and did knowingly and intentionally make available for use said place for the purpose of unlawfully storing, distributing and using controlled substances, that is fentanyl and cocaine base, also known as "crack." both Schedule II controlled substances, in violation of Title 21, United States Code, Section 856(a)(2) and Title 18, United States Code, Section 2.

## COUNT EIGHTY-ONE

(Unlawful Use of Communication Facility)

On or about August 31, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **TREASURE WOOTEN** and **REBECCA FLETCHER**, did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT EIGHTY-TWO

(Distribution of Fentanyl)

On or about August 31, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **TREASURE WOOTEN**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchanged for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHTY-THREE

(Possession with Intent to Distribute Fentanyl)

On or about August 31, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **REBECCA FLETCHER**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHTY-FOUR

(Unlawful Use of Communication Facility)

On or about September 2, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **TREASURE WOOTEN** and **JEFFREY TURNER**, did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C), as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT EIGHTY-FIVE

(Distribution of Methamphetamine)

On or about September 2, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **TREASURE WOOTEN**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

## <u>COUNT EIGHTY-SIX</u>

(Possession with Intent to Distribute Methamphetamine)

On or about September 2, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **JEFFREY TURNER**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHTY-SEVEN

(Unlawful Use of Communication Facility)

On or about September 3, 2025, in Monongalia County, in the Northern District of West Virginia and elsewhere, defendants **TREASURE WOOTEN** and **DARLENE DODSON**, did knowingly and intentionally use a communication device in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Sections 846 and 841(b)(1)(C),  as alleged in Count One of this Indictment, that is, defendants used a cellphone to arrange a distribution of a controlled substance; in violation of Title 21, United States Code, Sections 843(b) and 843(d).

## COUNT EIGHTY-EIGHT

(Distribution of Methamphetamine)

On or about September 3, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **TREASURE WOOTEN**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

## COUNT EIGHTY-NINE

(Possession with Intent to Distribute Methamphetamine)

On or about September 3, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **DARLENE DODSON**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT NINETY

(Possession with Intent to Distribute Cocaine Base)

On or about September 3, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **DARLENE DODSON**, did unlawfully, knowingly, intentionally and without authority possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT NINETY-ONE

(Possession with Intent to Distribute Fentanyl)

On or about September 3, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **DARLENE DODSON**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT NINETY-TWO

(Maintaining Drug-Involved Premises)

From in or about the spring of 2025, until September 4, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **BRENDAN BRAGG, TREASURE WOOTEN**, and **AUSTIN HUDSON** did manage and control a place located at Cherry Street, Morgantown, West Virginia, whether permanently or temporarily, as lessee and occupant, and did knowingly and intentionally make available for use said place for the purpose of unlawfully storing, distributing and using controlled substances, that is fentanyl, methamphetamine, and cocaine base, also known as "crack," all Schedule II controlled substances, in violation of Title 21, United States Code, Section 856(a)(2), and Title 18, United States Code, Section 2.

## **COUNT NINETY-THREE**

(Aiding and Abetting Possession with Intent to Distribute 50 Grams or More of Methamphetamine)

On or about September 4, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **BRENDAN BRAGG** and **TREASURE WOOTEN**, aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT NINETY-FOUR

(Aiding and Abetting Possession with Intent to Distribute Cocaine Base)

On or about September 4, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **BRENDAN BRAGG and TREASURE WOOTEN**, aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

96

## COUNT NINETY-FIVE

(Aiding and Abetting Possession with Intent to Distribute Fentanyl)

On or about September 4, 2025, in Monongalia County, in the Northern District of West Virginia, defendants **BRENDAN BRAGG** and **TREASURE WOOTEN**, aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

97

## COUNT NINETY-SIX

(Unlawful Possession of a Firearm)

On or about September 22, 2025, in Monongalia County, in the Northern District of West Virginia, defendant **LANCE HARRIS**, knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, that is, Distribution of Oxycodone, in case number 1:15CR13, in the District Court for the Northern District for West Virginia; knowingly possessed a firearm in and affecting interstate commerce, that is, a Ruger, model P85, 9mm pistol, serial number 301-64114; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT NINETY-SEVEN

(Distribution of Fentanyl)

On or about January 13, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **ADAM MCCULLOUGH,** did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT NINETY-EIGHT

(Possession with Intent to Distribute 5 Grams or More of Methamphetamine)

On or about January 14, 2026, in Monongalia County, in the Northern District of West Virginia, defendants **ADAM MCCULLOUGH** did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute 5 grams or more of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

## **COUNT NINETY-NINE**

(Possession with Intent to Distribute Cocaine Base)

On or about January 14, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **ADAM MCCULLOUGH**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ONE-HUNDRED

(Possession with Intent to Distribute Fentanyl)

On or about January 14, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **ADAM MCCULLOUGH**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ONE-HUNDRED ONE

(Maintaining Drug-Involved Premises)

From in or about February 2026, until April 9, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER,** did manage and control a place located at East Hillview Drive, Morgantown, West Virginia, whether permanently or temporarily, as lessee and occupant, and did knowingly and intentionally make available for use said place for the purpose of unlawfully storing, distributing and using controlled substances, that is methamphetamine, fentanyl, and cocaine base, also known as "crack," all Schedule II controlled substances, in violation of Title 21, United States Code, Section 856(a)(2).

103

## COUNT ONE-HUNDRED TWO

(Distribution of Fentanyl)

On or about February 13, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER,** did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ONE-HUNDRED THREE

(Distribution of 5 Grams or More of Methamphetamine)

On or about March 3, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER**, did unlawfully, knowingly, intentionally, and without authority distribute 5 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

## COUNT ONE-HUNDRED FOUR

(Distribution of Fentanyl)

On or about March 3, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER**, did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ONE-HUNDRED FIVE

(Distribution of 50 Grams or More of Methamphetamine)

On or about March 18, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER**, did unlawfully, knowingly, intentionally, and without authority distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT ONE-HUNDRED SIX

(Distribution of Fentanyl)

On or about March 18, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER**, did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## <u>COUNT ONE-HUNDRED SEVEN</u>

(Distribution of 50 Grams or More of Methamphetamine)

On or about March 26, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER**, did unlawfully, knowingly, intentionally, and without authority distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT ONE-HUNDRED EIGHT

(Distribution of 50 Grams or More of Methamphetamine)

On or about April 6, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER**, did unlawfully, knowingly, intentionally, and without authority distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT ONE-HUNDRED NINE

(Distribution of Fentanyl)

On or about April 6, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER**, did unlawfully, knowingly, intentionally and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

111

## COUNT ONE-HUNDRED TEN

(Possession With Intent to Distribute 50 Grams or More of Methamphetamine)

On or about April 9, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

112

## COUNT ONE-HUNDRED ELEVEN

(Possession with Intent to Distribute Cocaine Base)

On or about April 9, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ONE-HUNDRED TWELVE

(Possession with Intent to Distribute Fentanyl)

On or about April 9, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ONE-HUNDRED THIRTEEN

(Possession with Intent to Distribute Cocaine)

On or about April 9, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER**, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ONE-HUNDRED FOURTEEN

(Possession of Firearm in Furtherance of a Drug Offense)

On or about April 9, 2026, in Monongalia County, in the Northern District of West Virginia, defendant **TORIANNO ALEXANDER**, did knowingly possess a firearm, that is a Glock 27, 40 caliber, bearing serial number BVLH315,  in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States; to-wit: the offenses charged in Counts One-Hundred Ten, One-Hundred Eleven, One-Hundred Twelve, and One-Hundred Thirteen of this Indictment, felonies prosecutable in a Court of the United States under Title 21, United States Code, Section 841(a)(1); in violation of Title 18, United States Code, United States Code, Section 924(c)(1)(A)(i).

116

## FORFEITURE ALLEGATION

*Controlled Substance Act*

Pursuant to Title 21, United States Code, Section 853 and Title 21, United States Code, Section 846, the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property used, or intended to be used, to commit or to facilitate the commission of the above referenced offense, and any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense, including:

1. $5,105.00 in U.S. Currency seized on July 15, 2024;

2. $3,993.00 in U.S. Currency seized on September 4, 2025;

3. $1,512.00 in U.S. Currency seized on September 4, 2025; and

4. $116.00 in U.S. Currency seized on September 4, 2025.

*Gun Control Act*

Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 924(d)(1), the government will seek the forfeiture of any firearm and any ammunition involved in or used in any knowing violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8), Unlawful Possession of a Firearm, including:

1. a Ruger, model P85, 9mm pistol, serial number 301-64114; and

2. Ten rounds of assorted 9mm ammunition.

117

A true bill,

/s/_____
Grand Jury Foreperson


/s/_____
Matthew L. Harvey
United States Attorney

Zelda E. Wesley
Assistant United States Attorney

Morgan McKee
Assistant United States Attorney

115